United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

No. 20-cr-20396

v.

Hon. Arthur J. Tarnow

Domenic Daniel Rolak,

    Defendant,

---

## Stipulation and Order to Continue the Final Pre-trial Conference and Finding Excludable Delay

---

The parties stipulate to continue the final pre-trial conference from May 4, 2021 to July 14, 2021 at 11:00am. The parties further stipulate, and jointly move for the Court to find, that the time period between May 4, 2021 and July 14, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has

resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial.  Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial.  Counsel also have limited ability to access materials, visit and interview witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.
- Additional time is also necessary to enable the parties to resolve pre-trial issues.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court continue the final pre-trial conference and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

s/ *Robert VanWert*
Robert VanWert
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
robert.vanwert@usdoj.gov
(313) 226-9776

s/*David R. Cripps (w/consent)*
David R. Cripps
Attorney for Defendant
1300 Broadway St., Ste. 800
Detroit, MI 48226-2274
david.cripps@sbcglobal.net
(313) 963-0210

4

United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Domenic Daniel Rolak,

    Defendant,

No. 20-cr-20396

Hon. Arthur J. Tarnow

### Order to Continue the Final Pre-trial Conference and Finding Excludable Delay

The Court has considered the parties' stipulation and joint motion to continue the final pretrial conference date and for a finding that the time period from May 4, 2021 to July 14, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from May 4, 2021 to July 14, 2021 qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency

throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.

- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.
- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS THEREFORE ORDERED that the time from May 4, 2021 to July 14, 2021 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that the following deadlines will apply to these proceedings:

**Final Pretrial Conference: July 14, 2021 at 11:00am**

<pre>                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        United States District Judge</pre>

Entered: May 4, 2021