UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                          Case Number 20-20396

v.                                       Honorable David M. Lawson

DOMENIC ROLAK,

          Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Domenic Rolak has filed a motion asking the Court to resentence him to time served under the authority of the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239, or alternatively, to recommend to the Bureau of Prisons (BOP) that he be transferred to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 18 U.S.C. 12003(b)(2). The Court sentenced Rolak in August 2022 to 84 months in prison for drug trafficking and firearm crimes. Rolak argues that he is eligible for a sentence reduction because he suffers from several medical conditions and that he also was concerned about increased risk of exposure to the COVID-19 coronavirus. Appointed counsel filed a supplemental brief supported by prison medical records, arguing that extraordinary and compelling circumstances are shown because the Bureau of Prisons has failed to supply adequate medical care for Rolak's diabetes and sleep apnea. The government opposes the motion. Rolak's arguments do not establish that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires. Also, the factors in 18 U.S.C. § 3553(a) do not favor a sentence reduction. Therefore, Rolak's motion to reduce his sentence will be denied.

I.

On May 5, 2022, Rolak pleaded guilty under a plea agreement to one count of distributing controlled substances, 21 U.S.C. 841(a)(1), and one count of possessing a firearm after having been convicted of a felony, 18 U.S.C. 922(g)(1).  Five other drug and gun counts were dismissed as part of the agreement.  Those charges arose from a sequence of incidents that occurred between July and September 2017.  Federal agents began communicating with Rolak in July 2017 about drug and firearm transactions.  A confidential informant conducted a controlled buy on July 5, 2017, purchasing 14.91 grams of suspected powder cocaine from Rolak.  He made another controlled buy on July 20, 2017 involving 14.88 grams of suspected powder cocaine.  On three other days between July 27 and August 3, 2017, controlled purchases again were conducted involving approximately 15 grams of suspected cocaine on each occasion.  Rolak engaged in two more controlled buy transactions on September 8 and September 19, 2017, which involved both drugs and guns.  On each of those occasions, Rolak delivered to confidential informants various pistols with obliterated serial numbers; and each transaction also involved quantities of powder cocaine between 15 and 30 grams.

On September 2, 2020, Rolak was charged in a seven-count indictment with four counts of distributing controlled substances, 21 U.S.C. 841(a)(1), and three counts of possessing a firearm after having been convicted of a felony, 18 U.S.C. 922(g)(1).  He pleaded guilty pursuant to a plea agreement to Counts 4 and 5 of the indictment, charging one each of the controlled substance and firearm crimes, and on August 25, 2022, Rolak was sentenced to a term of 84 months in prison on both counts, to be served concurrently.  He did not appeal.  Rolak has served approximately 42 months (50%) of his sentence.

II.

By now it is well understood that, generally, "a federal court 'may not modify a term of imprisonment once it has been imposed,'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)), and that this "rule comes with a few exceptions, one of which permits compassionate release," *ibid.* The request for such relief must be presented by a motion filed in federal court, either by the Director of the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), "[o]r it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier,'" *Alam*, 960 F.3d at 832 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Compassionate release is a concept that has come to be recognized as authorized by Congress in section 3582(c)(1)(A). It is an exception to the "rule of finality," which prohibits district courts from modifying a sentence "except in limited circumstances." *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021). There are three requirements that must be satisfied before relief can be granted under this section, the first of which is that "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). For the second requirement, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Nicholson*, No. 21-1724, 2023 WL 4447881, at *2 (6th Cir. July 11, 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)). Finally, the Court must "'consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable.'" *Ibid.*

- 3 -

"[I]f each requirement is met, a court may — but need not — reduce a term of imprisonment." *Ibid.* (citing 18 U.S.C. § 3582(c)(1)(A)).  On the other hand, "[i]f any of the requirements are not met, a court cannot reduce a sentence." *Ibid.*

A.

The government concedes that Rolak has exhausted his remedies with the Bureau of Prisons.

B.

The court of appeals has observed that the determination of what constitutes "extraordinary and compelling circumstances," which previously was regarded as a "highly discretionary decision of the district court, as broadly suggested by the Supreme Court in *Concepcion v. United States*, 597 U.S. 481 (2022), has been severely and categorically cabined." *United States v. West*, 70 F.4th 341, 347 n.1 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1074-76 (6th Cir. 2022) (Gibbons, J., dissenting)).  That has led the court to observe that it "has predominantly defined what can constitute 'extraordinary and compelling' reasons for release by defining what circumstances *cannot* be 'extraordinary and compelling.'" *West*, 70 F.4th at 346 (citing *United States v. Hunter*, 12 F.4th 555, 561, 570 (6th Cir. 2021)).  In accord with that trend, the Sixth Circuit broadly has recognized that typical circumstances attending incarceration and personal factors routinely considered at sentencing cannot supply "extraordinary and compelling" grounds for compassionate release.  The factors that may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing disparities between the movant and his co-defendants, (3) the proportion of a custodial term already served, (4) the defendant's successful efforts at rehabilitation while confined, and (5) nonretroactive Sentencing Guideline amendments. *Hunter*, 12 F.4th at 570-72; *United States v. Scott*, No. 22-3737, 2023 WL 5671313, at *1 (6th Cir.

May 4, 2023) ("[A]lthough Scott has served more than 70% of his sentence, as the district court aptly noted, 'an inmate serving the majority of his sentence is commonplace and ordinary, not extraordinary.'"); *McCall*, 56 F.4th at 1065-66.

In November 2023, the Sentencing Commission amended the Sentencing Guidelines policy statement covering compassionate release motions. Several provisions in those amendments bear on the types of medical conditions that might constitute extraordinary or compelling reasons, which naturally transition the analysis to step two of the protocol.

In addition to voicing his concern about increased risk of exposure to the COVID-19 coronavirus, Rolak asserts that extraordinary and compelling circumstances are shown because the Bureau of Prisons has failed to supply adequate medical care for his diabetes and sleep apnea, including by failing to provide him with a CPAP machine, which he used regularly before he was incarcerated. Rolak asserts that without the appropriate device to assist with his breathing while asleep he faces a "nearly doubled" risk of sudden death due to cardiovascular complications.

The government concedes that the request for compassionate release was administratively exhausted, and it acknowledges the defendant's documented medical conditions, which include diabetes, hypertension, hyperlipidemia, sleep apnea, Vitamin D deficiency, and an unspecified "skin condition." The government asserts, however, that Rolak was offered and refused the COVID-19 vaccine (although defendant represents in his reply that he has reconsidered his stance on vaccination and later requested but had not yet received the vaccine). The government contends that the BOP has imposed significant measures to mitigate the risks posed by the coronavirus in the prison environment, and it argues that the ongoing presence of the disease in society at large does not constitute an extraordinary and compelling circumstance.

Two of the Sentencing Commission's amended policy statements are relevant to Rolak's argument. The first is section U.S.S.G. § 1B1.13(b)(1)(B), which explains that a defendant's serious medical or functional impairments can be an extraordinary and compelling circumstance warranting a sentence modification. To qualify, a defendant must show that he is either "(i) suffering from a serious physical or medical condition," "(ii) suffering from a serious functional or cognitive impairment," or is "(iii) experiencing deteriorating physical or mental health because of the aging process" and that at least one of these conditions "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and . . . he . . . is not expected to recover." *Ibid.* The second relevant provision is section 1B1.13(b)(1)(C), which permits a finding of extraordinary and compelling circumstances where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Ibid.*

The defendant does not assert that he is suffering deteriorating physical or mental health due to aging, or that he has any serious functional or cognitive impairment. He also has not shown that he suffers from any medical condition requiring "long-term or specialized medical care that is not being provided," or that he presently faces any risk of "serious deterioration in health or death." The most recently available medical records presented by the government are from May 2023, where the records show that Rolak has Type 2 Diabetes with diabetic neuropathy, for which he was prescribed glipizide tablets (10 mg dosage) to be taken before each meal. Medical Records dated May 27, 2023, ECF No. 66-2, PageID.548-49. There are no indications in any of the records presented that the diabetes condition is degenerative or life-threatening, or that it cumulatively poses any such hazards in combination with other conditions. Moreover, the records indicated that

- 6 -

Rolak was offered alternative medications and insulin therapy, which were refused, and that his compliance with the oral medication routine prescribed was "poor." Medical Notes dated Apr. 21, 2023, PageID.552.   The only mention of sleep apnea in the records is in a note from February 10, 2023, where it was recorded that Rolak was "concerned" about sleep apnea, that he had a sleep study performed before incarceration, and that he used a CPAP machine before he went to prison. However, the same notes indicate that the defendant "denied injury or pain" during the same exam. There are no indications anywhere in the medical records that the sleep apnea condition poses any threat to the defendant's long term well-being or that it is degenerative or requires specialized, long-term care.

Rolak's position that he is suffering from wholly untreated medical conditions endangering his life or long-term health is not substantiated by the available medical records, and he therefore has failed to establish extraordinary and compelling circumstances warranting a sentence adjustment on medical grounds.

C.

The amendments to the Guidelines pose another burden on defendants seeking a reduction in their sentences, because in order to grant a discretionary sentence reduction the Court must determine that a defendant is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).  Previously, that requirement was not applicable to defendant-initiated motions. *United States v. Sherwood*, 986 F.3d 951, 953-54 (6th Cir. 2021).   Under the re-written policy statement, however, defendants must satisfy the requirement, because the amended Guidelines make the policy statements applicable to motions brought by both the BOP and the defendant. *See* Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28254, 28254-59 (May 3, 2023); *see also United States v. Randall*, No. 23-5144, 2023

- 7 -

WL 6389604, at *3 n.1 (6th Cir. Oct. 2, 2023) (noting that the amendments would apply the policy statements to defendant-filed motions).

Rolak has not met that requirement. He has a lengthy history of serious drug offenses documented in his presentence report; his commission of crimes against the person involving risk of injury or death, including unarmed robbery and assault and battery; and his possession of firearms illegally, and a criminal history spanning decades with numerous documented violations of the conditions of judicial supervision under parole and probation, all together demonstrate a near zero likelihood that the defendant would conduct himself in a law-abiding manner and pose no danger to the community if he were released early from prison.

D.

Even if the defendant could demonstrate that he does not pose a danger to the safety of the community, the section 3553(a) factors all weigh heavily against granting early release. Because the defendant has not shown that extraordinary and compelling reasons support his release, the Court is not required to re-evaluate the section 3553(a) factors. *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021). Nevertheless, several aspects of the record undercut the defendant's argument that the sentencing factors support early release.

First, there is Rolak's Career Offender designation, which was assigned properly under the sentencing guidelines because of his commission of at least two prior felony drug offenses, *see* U.S.C.G. 4B1.2(b), before committing the offenses of conviction. That designation was triggered by the defendant's multiple felony convictions, at least three of which were for serious drug crimes. The Court determined at the time that the sentence was necessary to achieve the goals of sentencing Congress identified in 18 U.S.C. § 3553(a). One of the goals — protection of the public — was paramount in this case. The fact that the defendant has trafficked in dangerous narcotics over the

span of many years, and that in several instances he continued to do so while still on parole or probation for other crimes, was not lost on the Court at the time of sentencing.

Second, the sentence in this case (as in every case), and therefore a sentence reduction, also must promote respect for the law. 18 U.S.C. § 3553(a)(2)(A).  Rolak was sentenced on August 25, 2022 to a term of 84 months in prison, and that punishment was dictated primarily by the guidelines resulting from the Career Offender designation.  The defendant presently has served only 42 months — barely 50% of the sentence imposed.  Reducing the sentence by half certainly would not promote respect for the law, nor would it support the purposes of general and specific deterrence of the serious crimes for which the defendant was convicted involving dealing in dangerous narcotics and illegal firearms.

III.

Rolak again has exhausted his administrative remedies, but he has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 45) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 30, 2026